IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MELVINA S. GOFFNEY, §
 §
 Plaintiff, §
 §
v. § CIVIL ACTION NO. H-12-1868
 §
BANK OF AMERICA, N.A., §
FEDERAL HOME LOAN MORTGAGE §
CORPORATION, and §
BARRETT DAFFIN FRAPPIER §
TURNER & ENGEL, L.L.P., §
 §
 Defendants. §

## MEMORANDUM OPINION AND ORDER

Defendants Bank of America, N.A. ("BANA") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, "Defendants") removed this action from the 190th Judicial District Court of Harris County, Texas, where it was filed under Cause No. 2012-29812. Pending before the court is Plaintiff Melvina S. Goffney's ("Goffney") Motion to Remand Cause of Action Based on Lack of Subject Matter Jurisdiction ("Goffney's Motion to Remand") (Docket Entry No. 7). Because this case does not present a removable federal question, Goffney's Motion to Remand will be granted.

## I. Factual and Procedural Background

In December 2006 plaintiff Goffney took out a mortgage with BANA to finance the purchase of a home.[1] BANA also serviced the loan.[2] Goffney alleges that she made her mortgage payments for several years, but that sometime after June 2010 she experienced financial difficulties and defaulted on her obligations.[3] Goffney alleges that she submitted the paperwork to be considered for default-curing options under the Home Affordable Modification Program ("HAMP").[4] Goffney alleges that BANA determined that she did not qualify for HAMP modification.[5] Goffney also alleges that on April 1, 2012, BANA informed her that she would be considered for a default-curing option pursuant the Home Affordable Foreclosure Alternative ("HAFA") program.[6] She alleges that on

---

[1] Plaintiff's Original Petition, Application for Temporary Restraining Order, and Application for Temporary Injunction ("Goffney's Original Petition"), Exhibit 1 to Notice of Removal, Docket Entry No. 1, ¶ 10.

[2] Id. ¶ 10.

[3] Id. ¶ 11.

[4] Id. ¶ 12. HAMP is a program established by the federal government pursuant to the authority provided in the Emergency Economic Stabilization Act of 2008. 12 U.S.C. §§ 5201 et seq.

[5] Goffney's Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1, ¶ 19.

[6] Id. ¶ 22. HAFA is a sub-program of HAMP that offers the options of a short-sale or a deed-in-lieu of foreclosure to homeowners who can no longer afford their mortgage payments. Nolasco v. CitiMortgage, Inc., 2012 WL 3648414, at *2 n.3 (S.D. Tex. Aug. 23, 2012) (citing Burr v. JPMorgan Chase Bank, N.A., 2012 WL 1059043, at *3 n.4 (S.D. Tex. Mar. 28, 2012)).

April 4, 2012, BANA informed her that she qualified for a HAFA default-curing option, but that two weeks later BANA informed her that she did not qualify for the default-curing option.[7] The default was never cured, BANA accelerated the loan, and Freddie Mac purchased the home at a foreclosure sale on May 1, 2012.[8]

Goffney brings claims for breach of contract and violations of the Texas Debt Collection Act ("TDCA").[9] Goffney's breach of contract claim alleges that the deed of trust required BANA to give: (1) a notice of default; (2) specific actions Goffney could take to cure the default; and (3) at least 30 days to allow Goffney to complete those actions.[10] Goffney further alleges that BANA breached these terms by failing to give her the opportunity to pursue a range of default-curing options, including those options prescribed by HAMP.[11] In addition, Goffney alleges that BANA provided her with a HAFA default-curing option, but failed to allow

---

[7] Goffney's Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1, ¶ 22.

[8] Id.

[9] Id. ¶¶ 23-32. Goffney also asserts defenses to acceleration and sale, seeks the equitable remedy of quiet title, and requests a declaratory judgment to set aside the acceleration and sale. Id. ¶¶ 33-42.

[10] Id. ¶ 24.

[11] Id. ¶ 25.

adequate time to exercise that option before foreclosing on her home.[12]

In support of her TDCA claim Goffney alleges that defendants Barrett Daffin Frappier Turner & Engel, L.L.P. ("Barrett Daffin") and BANA, as debt collectors, threatened to take an action prohibited by law in violation of the TDCA, see TEX. FIN. CODE § 392.301(a)(8), by threatening to foreclose on the property without properly considering Goffney for actions to cure under HAMP or another alternative action to cure.[13] Goffney also alleges that BANA and Barrett Daffin violated the TDCA's prohibitions on misrepresenting the character, extent, or amount of a consumer debt, see TEX. FIN. CODE § 392.304(a)(8), and using false representations or deceptive means to collect a consumer debt, see TEX. FIN. CODE § 392.304(a)(19), by failing to provide an accurate payoff quote on the mortgage.[14]

Defendants timely removed the case to this court, asserting federal question jurisdiction under 28 U.S.C. § 1331.[15] Defendants contend that Goffney's breach of contract and TDCA claims raise a

---

[12] Id. ¶ 26.

[13] Id. ¶ 30.

[14] Id. ¶ 32.

[15] Notice of Removal, Docket Entry No. 1, p. 2. Defendant Barrett Daffin consented to and joined in the removal of this action. See Defendant Barrett Daffin Frappier Turner & Engel, LLP's Consent to and Joinder in Notice of Removal, Exhibit 8 to Notice of Removal, Docket Entry No. 1.

disputed and substantial federal issue sufficient to allow the exercise of federal question jurisdiction because those claims require interpretations of the federal HAMP and HAFA programs.[16] Goffney disagrees, and now moves to remand the action back to state court.[17]

## II. Removal and Federal Question Jurisdiction

Under 28 U.S.C. § 1441(a)[18] any state court civil action over which a federal court would have original jurisdiction may be removed from state to federal court. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 103 S. Ct. 2841, 2845 (1983). The removing party bears the burden of showing that subject matter jurisdiction exists and that the removal procedure was properly followed. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."). Removal jurisdiction depends on the

---

[16]Id. at p. 2.

[17]Goffney's Motion to Remand, Docket Entry No. 7.

[18]Title 28 U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place were such action is pending."

plaintiff's state court pleadings at the time of removal. Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003). Ambiguities or doubts are to be construed against removal and in favor of remand. Manguno, 276 F.3d at 723.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 114 S. Ct. 1673, 1675 (1994). While Article III of the Constitution[19] is construed broadly to permit federal question jurisdiction whenever federal law "forms an ingredient" of the original cause of action, Osborn v. Bank of U.S., 22 U.S. (9 Wheat) 738, 823 (1824); see also Verlinden B.V. v. Cent. Bank of Nigeria, 103 S. Ct. 1962, 1971 (1983) (holding that the Constitution permits federal jurisdiction over any case that "might call for the application of federal law"), the Supreme Court has made clear that the statutory grant of federal question jurisdiction, providing that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, places stricter limits on federal question jurisdiction. See, e.g., id. at 1972 ("Article III 'arising under' jurisdiction is broader than federal question jurisdiction under § 1331").

---

[19]Article III, § 2 provides in relevant part: "The judicial power shall extend to all cases, in law and equity, arising under this Constitution[ and] the laws of the United States."

Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987). "Since a defendant may remove a case only if the claim could have been brought in federal court . . . the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" Merrell Dow Pharm. Inc. v. Thompson, 106 S. Ct. 3229, 3232 (1986). If, however, a plaintiff chooses not to present a federal claim, even though one is potentially available, the defendant may not remove the case from state to federal court. See, eq., Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) ("The party who brings a suit is master to decide what law he will rely upon and therefore does determine whether he will bring a 'suit arising under' . . . [the] law of the United States."). Congress only provided for removal of a case from state court to federal court when a plaintiff's complaint alleges a claim "arising under" federal law. See 28 U.S.C. § 1441; Beneficial Nat'l Bank, 123 S. Ct. at 2062.

The Supreme Court has never provided a "'single, precise definition'" of statutory "arising under" jurisdiction. Merrell Dow, 106 S. Ct. at 3232 (quoting Franchise Tax Bd., 103 S. Ct. at 2846). The Court has, however, identified two types of cases that fall within § 1331. First, a case "arises under" federal law if it

appears from the face of a well-pleaded complaint that the cause of action is created by federal law. See American Well Works Co. v. Layne & Bowler Co., 36 S. Ct. 585, 586 (1916) (Holmes, J.) ("A suit arises under the law that creates the cause of action."). Second, federal question jurisdiction may exist over a state law cause of action if a well-pleaded complaint establishes that the plaintiff's "right to relief necessarily depends on resolution of a substantial question of federal law." Empire HealthChoice Assur., Inc. v. McVeigh, 126 S. Ct. 2121, 2131 (2006) (quoting Franchise Tax Bd., 103 S. Ct. at 2856). The Supreme Court has called this category of federal question cases "special and small." Empire, 126 S. Ct. at 2136. Indeed, the Supreme Court has not "treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 125 S. Ct. 2363, 2368 (2005); see also Merrell Dow, 106 S. Ct. at 3225 (holding that the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"). "Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 125 S. Ct. at 2368; see also Singh v. Duane Morris LLP, 538 F.3d 334, 338 (5th Cir. 2008)("[F]ederal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3)

the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.").

### III. **Application**

Defendants argue that the court has federal question jurisdiction over this action because Goffney alleges that the foreclosure and subsequent sale of her home violated HAMP and HAFA.[20] Defendants argue that because the resolution of the action requires interpretations of those federal programs, Goffney has raised a substantial federal question.[21] The court is not persuaded by Defendants' arguments. Although Goffney's breach of contract and TDCA claims relate to HAMP and HAFA, those causes of action do not "arise under" federal law within the meaning of 28 U.S.C. § 1331. Goffney does not allege a federal cause of action under either HAMP or HAFA; the breach of contract and TDCA claims are created by state law. Accordingly, Defendants are not able to show that federal question jurisdiction exists under <u>American Well Works</u>. Moreover, neither the breach of contract nor the TDCA claim raises a federal issue sufficient to create federal question

---

[20] Notice of Removal, Docket Entry No. 1, p. 2; Defendants' Response to Plaintiff's Motion to Remand ("Defendants' Response"), Docket Entry No. 10, p. 3.

[21] Notice of Removal, Docket Entry No. 1, p. 2; Defendants' Response, Docket Entry No. 10, p. 3.

jurisdiction in this case. Even though Defendants' duties under HAMP and HAFA may be disputed, as discussed below the federal issues here are neither "necessary" nor "substantial" within the meaning of § 1331.

## A. Federal Law Is Not "Necessary" to Goffney's Claims

The resolution of Goffney's claims does not necessarily require resolution of the HAMP and HAFA issues. When a claim can be supported by alternative and independent theories of recovery, one based on state law and the other on federal law, that claim may not form the basis for federal question jurisdiction because federal law is not a "necessary" element of the claim. Willy v. Coastal Corp., 855 F.3d 1160, 1170-71 (5th Cir. 1988) (citing Christianson v. Colt Indus. Operating Corp., 108 S. Ct. 2166, 2174 (1988)). In Willy, the plaintiff brought an action for wrongful discharge on account of his refusal to violate federal law and, alternatively, on account of his refusal to violate state law. Willy, 855 F.3d at 1170. The Fifth Circuit relied on the Supreme Court's decision in Christianson, which held that federal question jurisdiction under 28 U.S.C. § 1338 did not exist because the "patent-law issue, while arguably necessary to at least one theory under each claim, is not necessary to the overall success of either claim." Christianson, 108 S. Ct. at 2174-75. Concluding that the Christianson doctrine properly applied to § 1331 cases, the Fifth

Circuit found that federal question jurisdiction was not proper in <u>Willy</u>.

Here, Goffney alleges that BANA violated the terms of the deed of trust by informing her that she qualified for a HAFA default-curing option but not allowing her the opportunity to exercise that option. Whether or not BANA was required to offer HAFA options, Goffney alleges that it did offer such an option and was thereby required to allow adequate time to cure. State contract law controls whether those actions violated the deed of trust. Therefore, Goffney has alleged at least one theory of her breach of contract claim that does not require any interpretation of federal law. As to the TDCA claim, Goffney alleges--without invoking HAMP or HAFA--that defendants BANA and Barrett Daffin failed to provide an accurate payoff quote, which allegedly constituted a violation of the TDCA. Again, Goffney may prove this claim without requiring a court to interpret federal law. Whether BANA and Barrett Daffin were required to comply with HAMP may be necessary to one theory of each claim, but it is not necessary to the overall success of each claim.

**B.   The Federal Issues Are Not "Substantial"**

Any dispute over HAMP or HAFA is not a substantial one within the meaning of § 1331. In <u>Merrell Dow</u>, the Supreme Court declined to extend federal question jurisdiction over a state tort action resting in part on the allegation that the defendant pharmaceutical

-11-

company had violated federal labeling standards. 106 S. Ct. at 3231. Congress had not provided a federal private cause of action for violation of the labeling standards, an inaction that the Court found "tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." Id. at 3235. Congress has not created a cause of action for violations of the HAMP or HAFA guidelines. See Nolasco, 2012 WL 3648414, at *4 ("[B]orrowers do not have standing to challenge compliance with [HAMP] . . . ."); Cade v. BAC Home Loans Servicing, LP, 2011 WL 2470733, at *2 (S.D. Tex. June 20, 2011) ("[N]o private right of action to enforce lender compliance exists under HAMP."); Akintunji v. Chase Home Fin. L.L.C., 2011 WL 2470709, at *4 (S.D. Tex. June 20, 2011) ("There is no private cause of action under HAMP."). Other courts have reached the same conclusion. See, e.g., Geske v. Wells Fargo Bank, N.A., 2012 WL 1231835 (N.D. Tex. April 12, 2012) (stating that the "vast majority of courts" have concluded that "HAMP does not create a private right of action for borrowers against lenders and servicers"); Mortberg v. Litton Loan Servicing, L.P., 2011 WL 4421946 (E.D. Tex. Aug. 30, 2011); Bourdelais v. J.P. Morgan Chase, 2011 WL 1306311, at *4 (E.D. Va. April 1, 2011).

Congress's decision not to provide a private right of action under HAMP or HAFA is strong evidence that a claim alleging

violations of those programs as mere elements of Texas breach of contract and TDCA claims does not create a "substantial" question of federal law. Indeed, the lack of a private right of action also indicates that Congress did not intend to alter the balance of federal and state judicial responsibilities in mortgage foreclosure litigation. See Grable, 125 S. Ct. at 2370 ("For if the federal labeling standard [in Merrell Dow] without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action. And that would have meant a tremendous number of cases.").

Moreover, this is not a case that requires resolution of an important question of federal law. In deciding whether to exercise federal question jurisdiction, the court must consider the "nature of the federal interest at stake." Grable, 125 S. Ct. at 2370 (internal quotation omitted). In Grable, the Court found a strong federal interest in the resolution of the meaning of a federal tax provision--a nearly "pure issue of law" that "would be controlling in numerous other cases." Empire, 126 S. Ct. at 2137. In contrast, the federal government does not appear to have a strong interest in resolving this particular issue between lender and borrower. Even assuming without deciding that BANA was bound by federal guidelines under HAMP and HAFA, those rules merely provide a standard upon which to measure BANA's conduct. Whether BANA breached the deed of trust by not complying with the guidelines is

a "fact-bound and situation specific" inquiry that would not be controlling in other cases. See Empire, 126 S. Ct. at 2137.

Defendants rely on the Fifth Circuit's decisions in Borden v. Allstate Ins. Co., 589 F.3d 168 (5th Cir. 2009), and West v. Harris, 573 F.2d 873 (5th Cir. 1978). But Defendants read those cases too broadly. In Borden, the Fifth Circuit held that federal question jurisdiction existed over an action for breach of a Standard Flood Insurance Policy ("SFIP") issued pursuant to the National Flood Insurance Program ("NFIP"), which is "a federal program effectuating federal policies and paid for by the federal fisc." Borden, 589 F.3d at 172. The Fifth Circuit explained that the SFIP was actually codified in the federal regulations. Id. Thus, the plaintiff's right to relief in Borden "turn[ed] upon the application of federal law," i.e., the federal regulation that codified the SFIP itself. Id. at 173. The dispositive terms of the breach of contract action were federally-sanctioned terms. In contrast, the deed of trust in this case has not been codified by the federal government, nor is any part of the TDCA intertwined with federal law. West is also inapposite. That case did not turn on whether federal question jurisdiction existed; instead, the court simply held that federal law should apply under the Erie doctrine. 573 F.2d at 881. A court may very well need to apply federal law to aspects of this case, and the state courts are competent do so.

### IV. Costs, Expenses, and Attorneys' Fees

Goffney also seeks reimbursement of the costs, expenses, and attorneys' fees that were incurred as a result of removal.[22] The court has discretion to make such an award pursuant to 28 U.S.C. § 1447(c).[23] There is no automatic entitlement to such an award. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005). Even though the court concludes that removal was improper, the grounds on which Defendants removed the action were not objectively unreasonable. The court will therefore deny Goffney's request for costs, expenses, and attorneys' fees.

### V. Conclusion

Because federal law does not create Goffney's state law causes of action and because Goffney's right to relief does not depend upon the resolution of a substantial question of federal law, the court does not have subject matter jurisdiction over this action. Accordingly, Plaintiff Melvina S. Goffney's Motion to Remand (Docket Entry No. 7) is **GRANTED**. This case is **REMANDED** to the

---

[22]Goffney's Motion to Remand, Docket Entry No. 7, ¶ 10.

[23]Title 28 U.S.C. § 1447(c) provides in relevant part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

190th Judicial District Court of Harris County, Texas. The clerk will promptly provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 17th day of September, 2012.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE